UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 28, 2014

LETTER TO COUNSEL:

      RE:    *Avis Johns v. Commissioner, Social Security Administration*;
                Civil No. SAG-11-2996

Dear Counsel:

On October 20, 2011, the Plaintiff, Avis Johns, petitioned this Court to review the Social Security Administration's final decision to deny her claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 19, 20). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny Ms. Johns's motion and grant the Commissioner's motion. This letter explains my rationale.

Ms. Johns filed her claims for benefits in the fall of 2007, alleging disability beginning on April 2, 2006.[1] (Tr. 136-40). Her claims were denied initially on December 14, 2007, and on reconsideration on March 24, 2008. (Tr. 58-69). A hearing was held on September 23, 2009 before an Administrative Law Judge ("ALJ"). (Tr. 25-49). Following the hearing, on December 4, 2009, the ALJ determined that Ms. Johns was not disabled during the relevant time frame. (Tr. 11-24). The Appeals Council denied Ms. Johns's request for review (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Johns suffered from the severe impairments of depression, bipolar disorder, lupus, and high cholesterol. (Tr. 17). Despite these impairments, the ALJ determined that Ms. Johns retained the residual functional capacity ("RFC") to:

> perform a range of unskilled, light work as defined in 20 CFR 404.1567(b) and 416.967(b). Claimant requires a sit/stand option at will and should have limited general public contact.

(Tr. 18). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Johns could perform jobs existing in significant numbers in the national economy, and that she was not therefore disabled. (Tr. 22-24).

---

[1] Ms. Johns's SSI application asserted a later date of disability onset, May 1, 2007. (Tr. 136).

Ms. Johns presents four primary arguments on appeal: (1) the ALJ did not provide an adequate function-by-function analysis, (2) that the ALJ erred in considering the opinions from the state agency physicians; (3) that the ALJ assigned inadequate weight to the opinion of a treating physician, Dr. Morris, and (4) that the ALJ needed to provide a more detailed mental RFC assessment. Each argument lacks merit.

Ms. Johns first makes a continuously recycled argument that this court has rejected many times, suggesting that the ALJ failed to provide a function-by-function narrative discussion of her RFC. Pl. Mot. 3-6. In fact, however, the ALJ provided a three and one-half-page written narrative on her RFC alone, in which he summarized Ms. Johns's hearing testimony, made a credibility determination, summarized Ms. Johns's activities of daily living, reviewed both the treatment records and the opinion evidence, noted observations from the hearing, and explained the specific provisions included in the RFC assessment. (Tr. 18-22). Ms. Johns's boilerplate argument is therefore completely inapplicable in this case.

Next, Ms. Johns contends that the ALJ failed to evaluate properly the opinions of the state agency physicians, Drs. Moore and Edmunds.[2] Ms. Johns is correct that Dr. Moore checked multiple "moderate limitations" in Section I of his opinion, and that the ALJ did not include all of those limitations in his RFC assessment or his hypothetical. (Tr. 260-63, 308). However, the relevant portion of a physician's opinion is not Section I, which sets forth a series of "check the box" rankings, but Section III, which provides a narrative functional capacity assessment. *See* Program Operations Manual System DI 24510.060B (Mental Residual Functional Capacity Assessment), *available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0424510060 ("Section I is merely a worksheet to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and does not constitute the RFC assessment."). Because Section I does not include the requisite level of detail to inform the ALJ's opinion, an ALJ need not address each of the Section I limitations. *See, e.g., Andrews v. Astrue*, Civil No. SKG–09–3061, slip op. at *39 (D. Md. Oct. 25, 2011) (noting that "even if the ALJ had not explicitly addressed each of the mental function limitations appearing on Section I of the mental RFCA, he was not required to do so."). Moreover, the ALJ adequately addressed the limitations found in Dr. Moore's Section III functional capacity assessment. The ALJ limited Ms. Johns to unskilled work with limited general public contact, (Tr. 18), which is consistent with Dr. Moore's suggestion that Ms. Johns "may exhibit difficulties on occasion with more complex tasks and persistence" and "is likely to perform adequately in environments with limited social interactions, ability to work at their own pace and minimal stressors." (Tr. 262). The ALJ's assignment of significant weight to Dr. Moore's opinion, therefore, is not in error.

Ms. Johns's third argument is that the ALJ impermissibly substituted his own judgment for that of her treating mental health provider, Dr. Morris, who opined that she would be unable to endure the mental demands of competitive work. Pl. Mot. 8-9. The Fourth Circuit has stated that treating source opinions are entitled to controlling weight if they are "well supported by

---

[2] Dr. Edmunds issued a one-page opinion affirming the assessments of Dr. Moore, so an independent analysis of Dr. Edmunds's opinion is unnecessary. (Tr. 308).

medically acceptable *clinical and laboratory diagnostic techniques* and . . . *not inconsistent with the other substantial evidence* in [the] case record." *Craig*, 76 F.3d at 590 (emphasis in original) (quoting 20 C.F.R. §§ 404.1527(d)(2) & 416.927(d)(2)). "By negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Id.* Ms. Johns contests the ALJ's findings that Dr. Morris's opinion was "inconsistent with the evidence of record" and "based primarily on the claimant's" subjective complaints. Pl. Mot. 8. However, the ALJ adequately supported those conclusions. The ALJ noted that the treatment records from Threshold Services Mental Health Center, where Dr. Morris worked, indicated that Ms. Johns experienced marked improvement with medication. (Tr. 20). In fact, the notes from the same date as Dr. Morris's opinion read, "Feels great on meds. Sleep is good. Mood is stable. . . Here to fill out disability forms." (Tr. 326). Dr. Morris's opinion may be rejected, therefore, because the physician's "own medical notes did not confirm his determination of 'disability.'" *Craig,* 76 F.3d at 590.

The ALJ further noted that the November, 2007 assessment from the psychiatrist who treated Ms. Johns for the longest time, Dr. Hardy, contradicted Dr. Morris's opinion and demonstrated that Ms. Johns had "average intelligence, good memory, thought process is intact, depressed mood, and her affect was labile." (Tr. 19, 243). The ALJ also noted that a consultative examiner, Dr. Mittal, had not observed any mental impairment that would preclude work. (Tr. 20, 267-69). I also note that Dr. Morris, at best, based her opinion on treatment of Ms. Johns between her intake at Threshold Services Mental Health Center in January, 2009, and the April 1, 2009 opinion.[3]

Ms. Johns also contends that the ALJ failed to provide a "more detailed" assessment of her capacity to perform the mental demands of work while assessing her RFC. Pl. Mot. 9-11. Ms. Johns's argument consists entirely of boilerplate, with the exception of the contention that the ALJ provided only a "less-detailed conclusion that the plaintiff was limited [to] unskilled work with limited general public contact." Pl. Mot. 11. However, Ms. Johns disregards the ALJ's discussion of the mental health evidence from Drs. Hardy and Mittal, the summary of the records from Threshold Services Mental Health Center, and the discussions of the opinion evidence relating to Ms. Johns's mental capacity. (Tr. 19-22). Ms. Johns provides no analysis of how any "more detailed" assessment might have resulted in a different outcome.

For the reasons set forth herein, Ms. Johns's motion for summary judgment (ECF No. 19) will be DENIED. Defendant's motion for summary judgment (ECF No. 20) will be GRANTED. The clerk is directed to CLOSE this case.

---

[3] In fact, the records from Threshold Services Mental Health Center seem to reflect that Ms. Johns had a January intake appointment with a counselor, but did not see a psychiatrist until March 2, 2009. (Tr. 335, 336). However, in the best case scenario using the earlier date, Dr. Morris would have treated Ms. Johns for approximately twelve weeks before issuing her opinion, in contrast to Dr. Hardy, who treated Ms. Johns for approximately four years before opining that she had "no problem" in her ability to relate to others and that she "responds well to treatments without any adverse effects." (Tr. 241-44).

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge